FILED

OCT 10 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KIT LOCKLEAR,

               Plaintiff - Appellant,

   v.

GREG MENDOZA, Governor; et al.,

             Defendants - Appellees.

No. 13-15955

D.C. No. 2:12-cv-01798-SLG

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Sharon L. Gleason, District Judge, Presiding[**]

Submitted September 23, 2014[***]

Before:    HAWKINS, W. FLETCHER, and RAWLINSON, Circuit Judges.

    Kit Locklear appeals pro se from the district court's judgment dismissing his

action challenging his termination from his employment with the Gila River Indian

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Sharon L. Gleason, United States District Judge for
the District of Alaska, sitting by designation.

    [***]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Community Department of Rehabilitation and Supervision. We have jurisdiction under 28 U.S.C. § 1291. We review de novo questions of sovereign immunity and subject matter jurisdiction. *Orff v. United States*, 358 F.3d 1137, 1142 (9th Cir. 2004). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Although the district court did have subject matter jurisdiction over Locklear's constitutional claims, dismissal was proper because Locklear failed to state claims and because the tribe was immune from suit. *See R.J. Williams Co. v. Fort Belknap Hous. Auth.*, 719 F.2d 979, 982 (9th Cir. 1983) ("[N]o action under 42 U.S.C. § 1983 can be maintained in federal court for persons alleging deprivation of constitutional rights under color of tribal law. Indian tribes are separate and distinct sovereignties and are not constrained by the provisions of the fourteenth amendment." (internal citations omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**